Passmore v. Pettit.

the statute did not expressly declare it to be void." 3 Dall. Laws, 703 ; Cowp. 39, 729, 734 ; 3 Burr. 1568 ; 1 T. R. 55 ; 1 Ves. 276 ; 3 Burr. 2234 ; Yelv. 197 ; 2 Lev. 174 ; 1 P. Wms. 185 ; 5 T. R. 120 ; Doug. 671 ; 3 T. R. 456 ; 4 Ibid. 466; *5 Ibid. 599; Cowp. 341; Carth. 252; Cro. Eliz. 788; Hob. 165 ; Esp. 88 ; 2 Wils. 133 ; 32 Hen. VIII., c. 9 ; Moore 564.    [*271

For the *defendant* in error, his right to recover the debt was maintained on various grounds : 1st. Because the bill or note is good at common law. 2d. Because the maker of the note received a consideration for it. 3d. Because it was given without fraud or imposition, under a knowledge of all the circumstances. 4th. Because it would be good, even as a voluntary bond. 5th. Because it is not rendered void by any statute ; the acts of assembly subjecting an intruder to indictment and eviction, but never, in any instance, declaring a contract for the land, or a security for the price, to be unlawful and void. 6th. That it is not against the policy of the law (as in the cases cited upon smuggling) to allow a recovery of the debt. 3 Dall. Laws, 703 ; 4 Ibid. 198 ; 1 Burr. 545 ; Cro. Jac. 643 ; 1 Show. 398 ; Cowp. 524, 650 ; 2 Atk. 251 ; 2 Ves., jr., 422 ; 1 Wils. 229 ; 4 Burr. 2069; 3 T. R. 418; 2 Burr. 1077 ; 3 T. R. 456 ; 6 Ibid. 61 ; 7 Ibid. 601 ; Doug. 670 ; 1 Bos. & Pul. 3 ; 1 Esp. 18.

*W. Tilghman*, for the plaintiff in error. *Rawle*, for the defendant in error.

---

## PASSMORE *v.* PETTIT & BAYARD.

### *Award by umpire.*

An umpire chosen under a rule of reference, by the referees, must not rely upon the information reported by them, but he must examine the case himself, in the presence of the parties.

An award will be set aside, if the referees have refused a party sufficient time to procure necessary evidence.

All the testimony should be heard, and all the documents seen by the parties, in the presence of the referees.

THIS case came before the court, on exceptions to the report of referees, who had exercised the right of appointing an umpire, under the rule of reference. After argument, by *M. Levy*, for the plaintiff, and by *McKean* and *Dallas*, for the defendants, the Chief Justice delivered the unanimous opinion of the court, for setting aside the report, on the following grounds :

---

BY THE COURT.—1st. When an umpire is chosen by referees, he stands in the same situation, precisely, as the referees themselves, both with respect to powers to be exercised, and duties to be performed. He may examine, and he ought to examine \*the witnesses, and the documents, for himself, in the presence of the parties, without relying solely upon the information or facts reported by the referees. This rule was settled in the case of *Falconer* v. *Montgomery* (*ante*, p. 232) ; and it is highly important to the administration of justice, that it should be observed. It has not been observed upon the present occasion ; and therefore, the report cannot be confirmed.

\*272]

2d. Again, it is essential to the fair and satisfactory investigation of facts, that an opportunity should be afforded to obtain and produce the necessary evidence, however distant the scene of the transaction may be. A court of justice will always allow time for the execution and return of a commission, when witnesses reside abroad. In the present case, the question turned upon the seaworthiness of a ship ; and time was asked by the defendants to produce testimony from Halifax, where she had undergone a survey and repairs. This was refused, without any reason to suppose, that the object in asking it was mere delay and vexation. The refusal has deprived the party of the means of defence before the referees ; and we cannot think it just, to place him out of the reach of all remedy, by confirming the report.

3d. On the subject of the reference, all the testimony should be heard, all the documents should be seen, by both the parties, in the presence of the referees. But it appears, that a paper, or *ex parte* affidavit, was produced before the referees and umpire, respecting the seaworthiness of the ship (the very gist of the controversy), which the defendants never had an opportunity of reading or examining. The referees and umpire are, undoubtedly, honest men; but they have erred in judgment ; and their errors cannot be sanctioned, by an affirmance of the report, which their errors alone may have produced.

The report was, accordingly, set aside, and the judgment entered upon it opened.